Form G-3

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: Patricia Eggleston | ) | Chapter 13 |
| | ) | |
| | ) | No. 20-06384 |
| | ) | |
| Debtor(s) | ) | Judge Deborah L. Thorne |

## NOTICE OF MOTION

TO:  See attached list

PLEASE TAKE NOTICE that on January 4, 2023, at 9:30 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the motion of Patricia Eggleston [to/for] Compromise Pursuant to FRBP 9019, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and passcode.**  The meeting ID for this hearing is 160 9362 1728, and the passcode is not required.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ Justin R. Storer

**CERTIFICATE OF SERVICE**

I, Justin R. Storer, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on December 14, 2022, at 5:00 p.m.

/s/ Justin R. Storer
[Signature]

# SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| **Rishi Agrawal** | rishi@agrawalfirm.com |
| **Marilyn O. Marshall** | courtdocs@chi13.com |
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |

**Non-registrants in the Case**
(Service via first-class mail)

(See attached service list of all creditors, all of whom were served via first-class mail.)

{00229560}

```
PRA Receivables Management, LLC            DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trus    PRA Receivables Management LLC
PO Box 41021                               c/o Codilis and Associates, P.C.                 POB 41067
Norfolk, VA 23541-1021                     15W030 North Frontage Road                       Norfolk, VA 23541-1067
                                           Suite 100
                                           Burr Ridge, IL 60527-6921


ACAR Leasing LTD dba GM Financial Leasing  Codilis & Associates                             ACAR Leasing LTD
P.O Box 183853                             15W030 North Frontage Road                       d/b/a GM Financial Leasing
Arlington, TX 76096-3853                   Suite 100                                        PO Box 183853
                                           Hinsdale, IL 60527-6921                          Arlington, TX 76096-3853


DEUTSCHE BANK NATIONAL TRUST COMPANY,as Trus  Elite Care Management                         Collins Law Firm
PHH Mortgage                               568 S. Washington St.                            1770 Park St., Suite 200
PO Box 24605                               Naperville, IL 60540-6844                        Naperville, IL 60563-5432
West Palm Beach, FL 33416-4605


GM Financial                               (p)ILLINOIS DEPARTMENT OF REVENUE BANKRUPTCY     Elite Care Management Inc.
801 Cherry Street                          UNIT                                             The Collins Law Firm, P.C.
Suite 3500                                 PO BOX 19035                                     Naperville, IL 60563
Fort Worth, TX 76102-6854                  SPRINGFIELD IL 62794-9035


Medicredit                                 PHH Mortgage Services                            Internal Revenue Service
PO Box 1629                                1 Mortgage Way                                   PO Box 7346
Maryland Heights, MO 63043-0629            Mount Laurel, NJ 08054-4624                      Philadelphia, PA 19101-7346


Select Portfolio Servicing                 Synchrony Bank                                   (p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO Box  65250                              c/o PRA Receivables Management, LLC              PO BOX 41067
Salt Lake City, UT 84165-0250              PO Box 41021                                     NORFOLK VA 23541-1067
                                           Norfolk VA 23541-1021


Towd Point Mortgage Trust 2017-1           (p)WYNDHAM CONSUMER FINANCE INC                  Towd Point Mortgage Trust
c/o Manley Deas Kochalski LLC              P O BOX 97474                                    c/o Select Portfolio Servicing, Inc.
P.O. Box 165028                            LAS VEGAS NV 89195-0001                          P.O. Box 65250
Columbus, OH 43216-5028                                                                     Salt Lake City, UT 84165-0250


                                           Patricia Eggleston
                                           5201 S. Cornell Ave.
                                           Unit 11E
                                           Chicago, IL 60615-4202
```

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Patricia Eggleston,** | Bankruptcy No. 20-06384 |
| Debtor. | Honorable Deborah L. Thorne |

**MOTION TO APPROVE SETTLEMENT**
**WITH AMERICAN TAX SOLUTIONS**

In response to an advertisement she received, Patricia Eggleston (the "Debtor") brought a complaint in this Court alleging that, by sending an advertisement designed as it was, that American Tax Solutions ("ATS") violated the automatic stay and the Illinois Consumer Fraud and Deceptive Business Practices Act.

The Debtor obtained a finding of default, and a default judgment, against ATS.

The Debtor brings this motion seeking to compromise her judgment against ATS. Briefly, ATS (as well as its successors, assigns, and so forth) will institute policies, and abide by them in perpetuity, sufficient to ensure that no debtor in an active bankruptcy case, in the Northern District of Illinois, will receive this type of communication from ATS. In exchange, the Debtor will forebear from enforcing, or otherwise acting upon, the judgment in her favor. Each party will bear its own costs and, subject to ATS's

{00229560}

ongoing compliance with the settlement agreement, the settlement provides for mutual releases.

In support of this motion, the Debtor respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## BACKGROUND

4. The above-captioned bankruptcy case was commenced on March 6, 2020, when the Debtor filed a voluntary petition for relief under Chapter 13 of title 11, United States Code (11 U.S.C. §§ 101, *et seq*. (the "*Bankruptcy Code*")), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5. On July 27, 2020, the Debtor's plan was confirmed. It provided, as relevant here, to pay off the Debtor's tax debt, and pay a 1% distribution to allowed general unsecured claims.

## THE SOLICITATION AND THE ADVERSARY

6. On or about April 15, 2022, the Debtor received a document styled a "Distraint Warrant." Its apparent return address was the "Tax Processing Unit" of Cook County. It announced "IMMEDIATE ACTION REQUIRED" and said it was a warrant, that it acts as a judgment, and that levying procedures will begin within 15 days of it's [sic] receipt (the "Soliciation").

7. On May 3, 2022, the Debtor filed a two-count complaint in this Court, commencing adversary proceeding 1:22-ap-00068. In her complaint, the Debtor alleged that ATS sent the Solicitation (or caused it to be sent) and that the Solicitation violated 11 U.S.C. § 362(a)(3) (proscribing any act to obtain possession of property of the bankruptcy estate or to exercise control over property of the estate) and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

8. Negotiation commenced regarding settlement of this matter, but ran aground, and on August 31, 2022, the Debtor brought a motion for entry of default, and a motion for default judgment in the adversary.

9. These requests were granted on September 7, 2022.

10. On September 9, 2022, the ATS brought a motion to vacate which, after extensive briefing, was denied on November 15, 2022.

{00229560}

## RELIEF REQUESTED

11. The Debtor seeks authority, pursuant to Federal Rule of Bankruptcy Procedure 9019, to settle this dispute by securing ATS's agreement that it will institute, and forever abide by, policies designed to ensure that no debtor in an active bankruptcy case in the Northern District of Illinois receives a document resembling the Solicitation.

12. So long as these policies are effective and abided-by, the Debtor will forebear from enforcing (or otherwise seeking recovery on) her default judgment.

13. The complete settlement agreement is attached hereto as Exhibit A, and should be consulted for the particulars.

14. The settlement does not provide for any transfer of money or property; each party will bear its own costs[1] and, except as provided therein, mutual releases.

## BASES FOR RELIEF REQUESTED

15. While by its terms, Federal Rule of Bankruptcy Procedure 9019 appears limited to "trustees," providing that "[a] trustee may settle or compromise a dispute with bankruptcy court approval," Debtors in chapter 13 are charged, under 11 U.S.C. § 1306, with control and custody of their

---

[1] For his part, the undersigned movant – the Debtor's counsel in both the bankruptcy and the adversary – does not intend to apply for additional compensation relating to the adversary, or to disturb his award of the "flat fees" under Local Rule 5082-2 in the bankruptcy.

{00229560}

bankruptcy estates, and have the authority, under 11 U.S.C. § 1303, to use, sell, or lease property in the manner provided by 11 U.S.C. § 363(b).

16. Her default judgment in her favor is estate property.

17. As such, the Debtor submits that 9019 settlement is an appropriate avenue for relief.

18. "A bankruptcy court may approve a settlement agreement only if it is in the best interest of the bankruptcy estate." *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (*citing In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989)). "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (*quoting LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987)).

19. "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes. Because litigation outcomes cannot be predicted with mathematical precision, only if a settlement falls below the low end of possible litigation outcomes will it fail

{00229560}

the reasonable equivalence standard." *Id.* (citations omitted); *accord In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bank. N.D. Ill. 1994). This determination should be weighted in favor of settlement, and a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553.

20. Here, the settlement meets the above-cited standards for judicial approval and comports with the public policy considerations favoring settlements generally by saving the estate the expense and uncertainty of further proceedings. (In the adversary case, the Debtor has brought a "motion to set hearing on damages" which is pending, as of this writing, and during the course of the adversary case, one of the cases that the Debtor relied upon, heavily, to backstop her automatic stay argument, *In re Windstream Holdings, Inc.*, 627 B.R. 32 (Bankr. S.D.N.Y. 2021) was reversed by the reviewing district court, 2022 WL 5245633 (S.D.N.Y. Oct 6, 2022).)

21. As such, the terms of the settlement are favorably situated within the range of possible litigation outcomes. For these reasons, the Debtor respectfully submits that the proposed settlement is in the best interests of the estate. Furthermore, it will benefit the Northern District of Illinois's bankruptcy community, as a whole.

## NOTICE

22. Federal Rule of Bankruptcy Procedure 2002(a)(2) requires 21 days' notice to all creditors of a proposed use, sale, or lease of estate property, and Rule 2002(a)(3) requires 21 days' notice for a hearing on approval of a compromise or settlement. The Debtor submits that both of these standards are met.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order authorizing her to enter into the attached settlement agreement with ATS, and that this Court enter such further relief as it may deem just and appropriate.

**Patricia Eggleston,**

By: */s/ Justin R. Storer*
One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Email: jstorer@wfactorlaw.com

{00229560}